☒ FILED ☐ LODGED
Nov 25 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Claudia Bih Muna,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07887-PHX-SMB

**TEMPORARY RESTRAINING ORDER**

Pending before the Court is Petitioner's Renewed Emergency Motion for Temporary Restraining Order (Doc. 14). She filed it with her First Amended Petition (Doc. 13), as authorized by the Court's November 25, 2026 Order (Doc. 12). Respondents have given notice that Petitioner's removal is imminent, so the Court rules without awaiting a response. The Motion is granted.

## I. Background

Petitioner is a citizen of Cameroon. On August 7, 2025, an Immigration Judge ordered her removed to Cameroon but granted her withholding of removal to Cameroon under 8 U.S.C. § 1231(b)(3). Both parties waived appeal. (Doc. 13 at 4-5.) The removal order designates no other country. (Doc. 13 at 5.) ICE re-detained Petitioner on October 11, 2026. She was held at the Eloy Detention Center when she filed this action challenging that re-detention. (Doc. 1; Doc. 13-2 at 3.)

On November 24, 2026, Respondents filed a Notice of Imminent Removal under General Order 26-09. The Notice states that Petitioner "is scheduled to be removed in not

less than two business days" but does not identify a destination. (Doc. 10.) The withholding grant bars removal to Cameroon and remains in effect. (Doc. 13-2 at 4.) The record therefore indicates that Respondents intend to remove Petitioner to a third country.

The Court denied Petitioner's first TRO motion because her original Petition did not plead a claim challenging third-country removal. (Doc. 12.) Petitioner then filed a First Amended Petition. Ground Four alleges that Respondents intend to remove her to an unidentified third country without notice of the destination or an opportunity to present country-specific fear claims, in violation of the Fifth Amendment. (Doc. 13 at 12.) She does not challenge her removal order. She also does not contend that withholding bars removal to every third country. (*Id.*; Doc. 13-2 at 5, 8.)

Counsel reports that Petitioner's current whereabouts and custody status are unconfirmed. (Doc. 14 at 5.) He served the Renewed Motion on Respondents' counsel through CM/ECF. An earlier email to Respondents' counsel produced an automatic reply indicating an absence until December 1. (*Id.* at 13, 16.)

**II. Discussion**

A TRO movant must show four things: likely success on the merits, likely irreparable harm, a balance of equities in her favor, and that relief serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Alternatively, serious questions going to the merits and a balance of hardships tipping sharply in her favor suffice if the other factors are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Where the government is the opposing party, the last two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The analysis is the same under the stay-of-removal formulation in *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

The two-business-day notice period under General Order 26-09 will run over the Thanksgiving holiday, before Respondents can respond in the ordinary course. Respondents have appeared and received electronic notice of the Motion. The facts

showing urgency come chiefly from their own Notice. The Court therefore rules now, subject to Respondents' right to seek dissolution on short notice. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner has raised at least serious questions going to the merits and a substantial case for relief. The Fifth Amendment entitles noncitizens to due process in the removal context. *Reno v. Flores*, 507 U.S. 292, 306 (1993). That includes notice in time to actually seek relief before removal. *Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam).

The protections against persecution and torture are country-specific. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.16-.17. Removal to a third country is permitted, 8 C.F.R. § 1208.16(f), but a noncitizen cannot invoke those protections as to a destination she has not been told about. *See Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999); *A.M.A.S. v. Mullin*, No. CV-26-06601-PHX-JCH, 2026 WL 3026123, at *6-7 (D. Ariz. Oct. 6, 2026). Here, Respondents' Notice identifies no destination. Nothing before the Court shows that Petitioner received notice or an opportunity to raise a fear claim. This finding is without prejudice to Respondents showing otherwise.

The Court has considered contrary signals. The Supreme Court has stayed the judgment in *D.V.D.* and granted certiorari on questions that include due process. 2026 WL 2917860 (U.S. Sept. 29, 2026). Its interim orders "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). The Ninth Circuit has also stayed the judgment in *A.M.A.S.* in a published but unexplained order. No. 26-6950 (9th Cir. Nov. 20, 2026).

This case, however, is not a like case. *D.V.D.* involved class-wide APA vacatur of agency guidance. *A.M.A.S.* involved post-removal orders requiring the government to facilitate a return. Petitioner seeks neither. She asks only for a brief, individualized, pre-removal restraint based on her own constitutional claim. These developments preclude a finding of strong likelihood of success, but they leave the questions open.

Irreparable harm is probable. Removal is scheduled (Doc. 10). Removal is not categorically irreparable, *Nken*, 556 U.S. at 435, but the harm here goes further. An Immigration Judge has found that Petitioner more likely than not faces persecution in Cameroon. Removal to an undisclosed third country without an opportunity to be heard would risk persecution or torture there, or onward return to Cameroon. It would also permanently foreclose the process Ground Four seeks. Post-removal relief is uncertain at best, as *A.M.A.S.* soundly illustrates.

The government has a legitimate interest in the prompt execution of removal orders. The public, however, also has an interest in preventing wrongful removal to countries where substantial harm is likely. *Id.* at 436. The restraint here applies to one person. It lasts no more than fourteen days absent extension and leaves the removal order and Respondents' custody authority intact. It may also be lifted on a showing that Petitioner received notice and an opportunity to be heard. The balance tips sharply in Petitioner's favor.

To be clear, the relief is confined to Ground Four. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). It does not determine what process is ultimately due or adjudicate any protection claim. Because a brief restraint poses no realistic likelihood of harm to Respondents, security is waived. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

**IT IS ORDERED** that Petitioner's Renewed Emergency Motion for Temporary Restraining Order (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents and all persons bound under Fed. R. Civ. P. 65(d)(2) who receive notice of this Order are enjoined from removing Petitioner Claudia Bih Muna from the United States to any country other than the country designated in her August 7, 2025 removal order, pending further order of the Court. Nothing in this Order authorizes removal to Cameroon. Respondents must immediately communicate this Order to all ICE and ERO personnel responsible for Petitioner's custody, transport, or removal.

**IT IS FURTHER ORDERED** that, no later than 12:00 p.m. on Monday, November 30, 2026, Respondents must file a Status Report and Notice of Compliance. The report must state Petitioner's current location and custody status, whether she remains in the United States, and any intended destination. If she has been released or removed, it must also state the date and circumstances.

**IT IS FURTHER ORDERED** that Respondents must respond to the Renewed Motion, which the Court treats as a motion for preliminary injunction on Ground Four, by Thursday, December 3, 2026. The response must address whether Petitioner received written notice of any proposed destination and an opportunity to present a fear claim, and must attach any related records. Petitioner may reply by Monday, December 7, 2026.

**IT IS FURTHER ORDERED** that this Order expires on December 9, 2026, unless extended for good cause or by consent. Fed. R. Civ. P. 65(b)(2). The Rule 65(c) security requirement is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court must immediately email this Order to the United States Attorney's Office Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

Dated this 25th day of November, 2026.

Honorable John J. Tuchi
United States District Judge